UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY L. WOLFE,                                             Case No. 1:12-cv-885

    Plaintiff,                                             Judge Timothy S. Black

vs.

CSX TRANSPORTATION, INC.,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE (Doc. 39)**

This civil action is before the court on Plaintiff's motion *in limine* (Doc. 39) and the parties' responsive memoranda (Docs. 47, 52).

## I.    BACKGROUND

This is a Federal Employers Liability Action ("FELA") brought pursuant to 45 U.S.C. Section 51, *et seq*. Plaintiff worked for Defendant railroad from June 2, 1969 through December 31, 2009. While working as a conductor, Plaintiff allegedly injured himself while operating a derail. (Doc. 1 at ¶ 4). Plaintiff alleges a right of recovery: (1) for Defendant's negligence as Plaintiff claims he permanently injured his back attempting to operate a derail which was defective, improperly maintained, and improperly inspected; and (2) for Defendant's failure to provide a reasonably safe place to work.

## II. ANALYSIS

### A. Collateral Source Benefits

First, Plaintiff moves the Court to prohibit any reference or evidence pertaining to his entitlement to, application for, or receipt of collateral source benefits, including Railroad Retirement Benefits. The Supreme Court in *Eichel v. New York Central R.R.*, 375 U.S. 253 (1963), determined that the collateral source rule prohibits the admission of Railroad Retirement Act ("RRA") disability benefits in a FELA case. The Supreme Court stated that "the likelihood of misuse by the jury clearly outweighs the value of this evidence" and noted that it had "recently had occasion to be reminded that evidence of collateral benefits is readily subject to misuse by a jury." *Id.* at 255 (citing *Tipton v. Socony Mobil Oil Co.*, 375 U.S. 34 (1963)). The Supreme Court found that because the RRA is essentially social security for common carrier employees, benefits were not directly attributable to contributions by the defendant railroad, and thus could not be considered in mitigation of damages caused by the railroad. 375 U.S. at 254 (quoting *New York, N.H. & H.R. Co. v. Leary*, 204 F.2d 461, 468 (1st Cir. 1953)).

Plaintiff receives benefits from the Railroad Retirement Board ("RRB"). Permitting evidence that Plaintiff took a "regular, full retirement" introduces evidence of income from a collateral source. Given the fact that there is no claim for lost wages, evidence relating to the Plaintiff's income or income sources is not relevant. Accordingly, Defendant cannot introduce the amount of any benefits Plaintiff is receiving from any source. The Court finds that Defendant can inform the jury that Plaintiff ended

his railroad career for reasons other than his injury without mentioning that he is on full retirement.

### B. Plaintiff's Financial Condition

Next, Plaintiff moves the Court to prohibit any reference or evidence pertaining to his assets and financial condition, including but not limited to evidence that: (1) he receives retirement benefits from the RRB; (2) he owns and leases real property; (3) he owns cattle; (4) he owns farm equipment; and (5) he owns vehicles.

Plaintiff's financial condition is not relevant to his claims for recovery. Accordingly, Defendant cannot introduce the value of any of Plaintiff's assets. However, Defendant can discuss the Plaintiff's farming activities as long as Defendant does not discuss Plaintiff's ownership interest, property, and size of his holdings.

### C. Rule Violations

Finally, Plaintiff moves to prohibit the Defendant from suggesting that he violated any rules, but for the rules specifically identified by Defendant's designated expert ,Albert Fritts.

Mr. Fritts's report outlines the specific rules that Plaintiff allegedly violated. (Doc. 47, Ex. 1). Plaintiff's counsel deposed Mr. Fritts on January 28, 2014, and inquired into his opinions regarding the rule violations. (*Id*., Ex. 2 at 71-75).  Accordingly, Plaintiff is well apprised of the evidence that Defendant intends to present on this issue and there is no risk of trial by ambush. Defendant is prohibited from presenting any evidence that Plaintiff violated rules beyond those identified by Mr. Fritts.

...

## III.    CONCLUSION

Accordingly, for these reasons, Plaintiff's motion *in limine* (Doc. 39) is **GRANTED IN PART** and **DENIED IN PART** as explained in this Order.

**IT IS SO ORDERED**.

Date:  9/26/14                                                                   *s/ Timothy S. Black*
                                                                                          Timothy S. Black
                                                                                          United States District Judge